CARL INGRAM, *Appellant,* v. CITY OF PALMETTO, A MUNICI-
PAL CORPORATION OF MANATEE COUNTY, FLORIDA, *Ap-
pellee.*

Division B.

Opinion Filed April 7, 1927.

1. Bonds of a municipality may lawfully be issued only when
the statutory authority is complied with; and bonds may
legally be "validated" only when the statutory proceedings
for that purpose are fully complied with.

2. Where the allegations of a petition in a statutory bond
validation proceeding do not comply with the requirements
of the statute, a demurrer to the petition should be sustained.

3. In statutory proceedings to validate bonds an intervenor
should be given an opportunity to present and to be duly
heard on an adversary pleading to the petition and to an
amended petition if one is allowed to be filed; and when
this is not done and the State Attorney as the representative
of the State under the statute, does not present adversary
pleadings as contemplated by the statute, the bonds should
not be validated.

An Appeal from the Circuit Court for Manatee County;
W. T. Harrison, Judge.

Reversed.

*Grimes & Rowe,* for Appellant;

*J. Ben Fuqua,* for Appellee.

WHITFIELD, P. J.—Its charter authorizes the City of Pal-
metto "to issue and sell bonds to raise money for any
municipal purposes;" "Provided, however, that before said

bonds shall be issued, the issuance of said bonds shall be approved by an affirmative vote of a majority of the electors who shall be freeholders at the time of voting and for at least six months prior thereto, voting at an election to be held for that purpose, which election shall be regulated by ordinance as to manner of conducting and certifying same, after the same has been advertised for not less than thirty (30) days in a newspaper published in said City of Palmetto, provided, however, that the bonded indebtedness of said municipality for all purposes shall never exceed fifteen per cent of the assessed valuation of the property of said municipality, and provided further that bonds heretofore or hereafter issued to provide for a water supply or for a lighting system of said city, and bonds to pay the costs of local improvements, to the extent that the same are payable primarily from assessments for benefits, shall be excluded in the computation of said limit of indebtedness.''

The bonds ''shall be of denominations of not greater than One Thousand ($1,000.00) Dollars, each bearing interest at the rate of not greater than six per cent, payable semi-annually, such bonds shall become due in not less than five, nor more than thirty years, as the corporate authorities may prescribe, and in no case shall be sold at a greater discount than ten per cent,'' Chapter 11059, Special Acts of 1925.

An ordinance provided for the issue of $30,000.00 of 6% bonds ''for the purpose of purchasing, erecting and installing electrical machinery and other necessary equipment for municipal use in lighting the streets of Palmetto, furnishing power for the pumping of water for municipal purposes and power for all other uses and also for erecting an adequate building or buildings for said machinery,'' the bonds to be payable serially, $2,000.00 each year, ''five to twenty years inclusive,'' the bonds and interest coupons to be ''payable at such place in the City of Palmetto or elsewhere as

the City Council may by resolution determine.'' The ordinance called an election and specified that the ballots should be for or against ''issuing bonds for purchasing and installing electric equipment for municipal use.'' The election returns show 88 votes for and 69 votes against ''issuing bonds for purchasing electrical equipment.''

The statute providing for the ''validation of bonds'' authorizes a petition to be filed in the Circuit Court by the municipality, which petition ''shall briefly set out by proper allegations, references or exhibits, the authority for incurring such bonded debt or issuing certificates of indebtedness, the fact that an election had been held and that such election was in favor of the issuance of bonds or certificates, if an election be required, the ordinances or resolutions authorizing their issuance, and the fact of their adoption, and all essential proceedings had or taken in connection therewith, the amount of the bonds or certificates to be issued, what interest they are to bear, and when and where principal and interest are to be paid.''

It is further provided that the Circuit Judge ''shall on the filing and presentation of said petition, issue an order against the State of Florida requiring it, through the State Attorney in said judicial circuit, to show cause at such time and place within a county in said circuit, to be designated in said order, which time shall be not less than twenty days, nor more than thirty days, after the issuance of said order, why said bonds or certificates of indebtedness should not be validated and confirmed. A copy of said petition and order shall be served on the State Attorney of the Circuit in which said proceedings are pending at least eighteen days before the hearing fixed in and by said order. It shall be the duty of the State Attorney to carefully examine said petition, and if it appears to him, or if he has any reason to believe that said petition is defective, insufficient or untrue, or if,

in his opinion, the issuance of the bonds or certificates in question, have not been duly authorized, he shall make such defense thereto as to him shall seem proper," and that prior to the hearing of the cause a notice shall be published addressed to the taxpayers and citizens of the municipality "requiring them, at the time and place specified in the order providing for the hearing of said cause, to show cause, if any they have, why said bonds or certificates should not be validated and confirmed," and that "at the time and place designated in said order, the judge of said Circuit Court shall proceed to hear and determine all the questions of law and of fact in said cause, and he shall make such orders as to the proceedings in said cause and adjournments as will best conserve the interests of all parties and enable him to render a final decree with the least possible delay.  Any taxpayer or citizen may become a party to said proceedings; and any party thereto, whether complainant, defendant or intervener, dissatisfied with the decree of the court, may appeal therefrom to the Supreme Court within twenty days, and upon the case being docketed in the Supreme Court such appeal shall be assigned for argument to be had within a period of thirty days.  The procedure in all other respects shall be the same as in other Chancery cases."  Sec. 3298, Rev. Gen. Stats. 1920.

The city filed in the Circuit Court a petition stating that the city had "on the 7th day of August, A. D. 1926, determined, decided and resolved to issue municipal bonds of said city in the total sum of Thirty Thousand ($30,000.00) Dollars, for the purpose of purchasing, erecting and installing electrical machinery and other necessary equipment for municipal use in lighting the streets of Palmetto, furnishing power for pumping water, for municipal usage and also for erecting an adequate building or buildings for said machinery."

Exhibits made a part of the petition show the ordinance above referred to and the result of the election as above stated. The petition clearly did not comply with the affirmative requirements of the statute.

The State Attorney filed an answer stating ''that he has carefully examined said petition and has considered all the singular allegations thereof; that all requirements of law have been met in the matter of the issuance of Thirty Thousand ($30,000.00) Dollars of municipal bonds of the City of Palmetto, a municipal corporation, for the purpose of purchasing, erecting and installing electrical machinery and other necessary equipment for municipal use in lighting the streets of Palmetto, furnishing power for pumping water for municipal usage, and power for all other municipal usage and erecting an adequate building or buildings for said machinery; that the State of Florida finds no objection to the said issuance of Thirty Thousand ($30,000.00) Dollars of municipal bonds for the City of Palmetto for the said purposes and hereby consents to the making of such order by the Court; as said cause shall be heard and determined upon the question of fact stated in the said petition, as will best expedite and facilitate the issuance of said bonds.''

A citizen tax payer intervened and on October 26, 1926, filed a demurrer to the petition.

On November 27, 1926, the Court permitted the petition to be amended so as to allege that the bonds ''for the purpose of purchasing, erecting and installing electrical machinery will mature serially $2,000.00 each year, six (6) to twenty (20) years inclusive instead of maturing five (5) to twenty (20) years inclusive,'' and to allege that the proposed bond issue will not make the outstanding bonds exceed 7% of the total valuation of property in the city. On the same day the Court overruled the demurrer of the

intervenor and by decree validate the bonds. The intervenor appealed.

Bonds of a municipality may lawfully be issued only when the statutory authority is complied with; and bonds may legally be "validated" only when the statutory proceedings for that purpose are fully complied with.

In this case even if the law was complied with in the resolutions and the election relating to the bond issue, particularly as to the form of the submission and the place where the bonds are to be made payable, the petition did not comply with the mandatory requirements of the statute and the demurrer thereto should have been sustained. See Elliott v. Tillamook Co., 86 Oregon 427, 168 Pac. 77.

If the amendments made the petition sufficient in law, the intervenor was given no opportunity to take issue on the facts alleged. The only adversary pleading was the intervenor's demurrer to the original petition; there being no pleading interposed to the petition as amended, apparently because no opportunity was afforded. Even if such proceeding may be regarded as due process of law, it is not such as is contemplated by the statute. Weinberger v. Board of Public Instruction, filed March 10th, 1927.

Reversed.

TERRELL AND BUFORD, J. J., concur.

ELLIS, C. J., AND STRUM AND BROWN, J. J., concur in the opinion.